LAW OFFICES OF D. SCOTT DATTAN
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
Phone: (907) 276-8008
Fax: (907) 278-8571



Attorney for Gregory Rendon-Duarte

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| GREGORY ANTHONY RENDON-DUARTE, | ) ) |
| Defendant. | ) ) |
| | ) Case No. A05-0087 CR (RRB) |

## MOTION FOR PROTECTIVE ORDER

Defendant Gregory Rendon-Duarte, by and through his attorney D. Scott Dattan, moves *in limine* for a protective order precluding the Government from mentioning or introducing evidence of prior bad acts. This motion is brought pursuant to Rules 402, 403, and 404 (b), Federal Rules of Evidence and is supported by the memorandum filed herewith.

Dated this 2nd day of December, 2005 at Anchorage, Alaska.

LAW OFFICE OF D. SCOTT DATTAN
Attorney for Defendant
Gregory Rendon-Duarte

By: _____
D. Scott Dattan
Alaska Bar No. 8411111

**CERTIFICATE OF SERVICE**
I hereby certify that true and correct copies of the foregoing MOTION FOR PROTECTIVE ORDER and MEMO was HAND DELIVERED to:

Kevin Feldis
Assistant U.S. Attorney
222 West 7th Avenue, #9, Room 253
Anchorage, AK  99513-7567

Allan Beiswenger
1101 W. 7th Avenue
Anchorage, AK  99501

this 2nd day of December, 2005.

_____
Patty Smith

LAW OFFICES OF D. SCOTT DATTAN
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
Phone: (907) 276-8008
Fax: (907) 278-8571

Attorney for Gregory Rendon-Duarte

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GREGORY ANTHONY RENDON-DUARTE, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. A05-0087 CR (RRB) |

### MEMORANDUM IN SUPPORT OF
### MOTION FOR PROTECTIVE ORDER

On November 30, 2005, undersigned counsel was notified that discovery was available at the office of the United States' Attorney. Review of that discovery revealed that it contained police reports and interviews involving incidents occurring in 2001, 2002 and 2003. None of the information provided has any bearing on this case other than to attempt to prove Mr. Rendon-Duarte's bad character or that he somehow acted in conformity with these prior incidents on September 1, 2005.

The only aspect of any of this that is relevant is that Mr. Rendon-Duarte was convicted of a felony in 2001. In all other respects the police reports, interviews and search warrants are 1) irrelevant pursuant to Evidence Rule 402; 2) far more prejudicial than probative and therefore inadmissible pursuant to Evidence Rule 403

Page 1 of 4
USA v RENDON-DUARTE; A05-0087CR (RRB)
Memo in Support of Motion for Protective Order

and 3) inadmissable character evidence not subject to any exception pursuant to Evidence Rule 404(b).

In pertinent part, Evidence Rule 402 states "evidence which is not relevant is not admissible." There is nothing relevant to the crime with which Mr. Rendon-Duarte is now charged contained in the police reports and witness interviews from two, three and four years ago.

If this court somehow finds the prior bad acts relevant, Evidence Rule 403 states "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Introduction of evidence concerning unrelated events in 2001, 2002 and 2003 can only confuse the issues and mislead the jury. Furthermore, it is far more prejudicial to Mr. Rendon-Duarte than it is probative of his guilt or innocence of the events alleged to have occurred on September 1, 2005.

By providing the documents (which are Bates stamped 493 – 640) the Government was signaling its intention to use this evidence. By letter received on December 1, 2005, the Government indicated "It is the position of the United States, however, that Mr. Rendon-Duarte's prior convictions may still be admissible at trial for other purposes, including pursuant to Federal Rules of Evidence 404(b) and 609, to rebut the defendant's case, or to impeach Mr. Dollison (sic) should he testify."

Thus, notice has been given as required by Evidence Rule 404(b) of the Government's intention to use the evidence in question. The problem with that evidence is that it does not meet any of the exceptions stated in the Rule. Evidence Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In discussing the admissibility of such 404(b) evidence, the 9th Circuit Court of Appeals has stated:

> ... The use of evidence pursuant to this rule "must be narrowly circumscribed and limited" and "may not be introduced unless the government establishes its relevance to an actual issue in the case. "United States v Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985) (quotation omitted).
> Evidence of prior criminal conduct may be admitted to prove knowledge under Rule 404(b) if (1) The other act evidence tends to prove a material point; (2) The other act is not too remote in time; (3) The evidence is sufficient to support a finding that the defendant committed the other act; and (4) In some cases, the other act is similar to the offense charged. United States v Bibo-Rodriguez, 922 F.2d 1398, 1400 (Ninth Cir.) cert. denied, 115 L. Ed. 2d 1028, 111 S. Ct. 2861 (1991).

United States v. Garcia-Orozco, 997 F.2d 1993, 1304 (9th Cir, 1993).

In this context, it is important to note that the Government has offered a stipulation pursuant to Old Chief v United States, 519 U.S. 172, 136 L.Ed.2d 574, 117 S. Ct. 644 (1997) on the issue of Mr. Rendon-Duarte's prior felony conviction. Thus, the court may consider this concession as "pertinent to the court's discretion to exclude

evidence on the point conceded." Id., at 184. It has also been stated with respect to Rule 404(b):

> ... This prohibition reflects the "underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." United States v Bradley, 5F.3d 1317, 1320 (9th Cir. 1993) (internal quotation marks and citations omitted). Because such evidence may be highly relevant, however, the Rule does permit its admission "for other purposes, such as proof of motive, opportunity, intent, plan, knowledge, identity or absence of mistake or accident ... "Fed. R. Evid. 404(b).

United States v Verduzco, 373 F. 3d 1022, 1026 (9th Cir. 2004).

In summary then, Mr. Rendon-Duarte concedes his prior felony conviction and seeks a protective order which would preclude the Government's use of evidence of any prior bad acts unless the Government establishes its relevance to an actual issue in the case. Mr. Rendon-Duarte seeks to be tried, in short, for what he did, not for who he is. The protective order should be granted.

Dated this 2nd day of December, 2005 at Anchorage, Alaska.

                                          LAW OFFICE OF D. SCOTT DATTAN
                                          Attorney for Defendant
                                          Gregory Rendon-Duarte

                                 By: _____
                                          D. Scott Dattan
                                          Alaska Bar No. 8411111