FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -8 PM 1: 52

TIMOTHY M. BURGESS
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREGORY RENDON-DUARTE, ) <br> ) <br> Defendant. ) <br> _____ ) | No. A05-0087-02 CR (RRB) <br><br> **UNITED STATES' OPPOSITION TO MOTION FOR PROTECTIVE ORDER and ARGUMENT IN SUPPORT OF RULE 404(b) EVIDENCE** |

*Filed on Shortened Time*

The United States opposes defendant's motion for a protective order seeking to exclude evidence that is properly admitted under Federal Rule of Evidence 404(b).

Gregory Rendon-Duarte is charged with being a felon in possession of two firearms found under the carpet below his feet in the front passenger seat of

49

a Ford Expedition. To convict, the United States must prove three elements: (1) defendant knowingly possessed one or both firearms, (2) he had previously been convicted of a felony, and (3) the firearms he possessed were transported previously in interstate commerce. The only element seriously at issue for trial in whether he knowingly possessed the firearms.

As such, Mr. Rendon-Duarte's knowledge that the firearms were under his feet is expected to be a significant issue at trial. The defendant's intent with regard to these guns, and the absence of any mistake concerning the presence of these guns, are likewise material issues for trial.

Mr. Rendon-Duarte's prior association with handguns, particularly considering that he was found on multiple previous occasions with handguns in automobiles, is highly relevant to prove his knowledge, intent and absence of any mistake with regard to the two guns in this case. It is one matter for a defendant who has never been caught with firearms before to claim that he knew nothing about and did not intend to possess guns found at his feet, it is a very different matter for a defendant who has been caught multiple times before with guns to make such a claim.

Mr. Rendon-Duarte would prefer to have the jury view the guns found under his feet in complete isolation. Well established law, however,

provides that the guns be viewed in the context in which the defendant possessed them. Evidence that "the defendant possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." See United States v. Cassell, 292 F.3d 788,792 (D.C. Cir. 2002). In Cassell, a firearm was found in a bedroom where the defended slept in his Uncle's house. The defendant, a convicted felon, argued that the firearm was his Uncles and he never possessed it. In such a circumstance, the Court held that the defendant's prior possession of firearms was relevant to show both knowledge of, and intent to possess, the firearm recovered from his room, and was not more prejudicial than probative. Id. The same holds true here.

Numerous other felon in possession cases stand for the same legal principle. See United States v. Teague, 737 F.2d 378 (4th Cir. 1984) (prior possession of firearm introduced where pistol found on floor of vehicle the defendant was driving); United States v. Mills, 29 F.3d 545 (10 Cir. 1994) (prior possession admitted where defendant charges with possessing guns police recovered from around home shared with another person); United States v. Brown, 961 F.2d 1039 (2nd Cir. 1992) (prior possession admitted where defendant charged with possessing Uzi found in his apartment when he was elsewhere); United States v. Brown, 16 F.3d 423 (D.C. 1994).

In United States v. Rrapi, 175 F.3d 742, 748-49 (9th Cir. 1999), the Ninth Circuit held that admission of defendant's prior participation in other uncharged attempted and successful burglaries was proper under Rule 404(b). In so ruling, the Court emphasized that Rule 404(b) is a rule of inclusion. "Unless the evidence of other crimes tends only to prove propensity, it is admissible." Rrpai, 175 F.3d at 748, quoting, United States v. Jackson, 84 F.3d 1154, 1159 (9th Cir. 1996). In Jackson, the Ninth Circuit similarly held that evidence of prior drug transactions by the defendant were properly admitted under Rule 404(b) in the defendant's trial for possession with intent to distribute narcotics. Id.

In other circumstances, evidence of drug trafficking, which is arguably much more prejudicial to a defendant, has been found properly admitted to show a defendant's knowing possession of a firearm. United States v. Carrasco, 257 F.3d 1045, 1048 (9th Cir. 2001), cert. denied, 122 S. Ct. 658 (2001), the police stopped the defendant's car and found a firearm and ammunition under his seat. In the back, they also found a scale with narcotics residue, small baggies, a meth pipe, and "pay and owe" notes. As here, the defendant was charged with being a felon in possession. At trial, the Court admitted the little baggies, the scale with residue and the "pay and owe" sheets as evidence. Affirming that decision, the Ninth Circuit held that even though the defendant was only found with a small

4

quantity of drugs and money, the baggies and scale were indicative of drug trafficking. Because the revolver, bullets, baggies and scale were all found in the same vehicle at the same time, a proper nexus between drug trafficking and the firearm existed and they were all properly admitted to show the defendants knowing possession of the firearm. Id.

Rule 404(b) specifically permits the use of evidence of other crimes, wrongs or acts as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, subject to the relevance requirements of Rules 402 and 403. In determining whether the defendant's prior acts are properly admitted, the Court must consider whether: (1) sufficient evidence exists for the jury to find that the defendant committed the other acts; (2) the other acts are introduced to prove a material issue in the case; (3) the other acts are not too remote in time; and (4) if admitted to prove intent, the other acts are similar to the offense charged. Id.; United States v. Murillo, 255 F.3d 1169, 1175 (9th Cir. 2001).

//

All four factors weigh in favor of admission of the following evidence under Rule 404(b):

### (1)    **June 22, 2003**

On June 22, 2003, a car driven by Johnny Rendon was stopped for speeding. Defendant Rendon-Duarte was the front passenger. Both the driver and the defendant provided false identifying information to the police officer. Defendant Rendon-Duarte insisted his name was Bower. Because the officer smelled marijuana, and could not identify the subjects, back-up was called. A consent search (also supported by a protective safety sweep) revealed two handguns inside the car in the sunroof cover the pulls forward. Mr. Rendon-Duarte's probation was revoked as a result and he was convicted of Providing False Information.

### (2)    **July 26, 2002**

APD received a report that there was a stolen vehicle in the Parking lot of the Fireweed Theater. Police responded and made contact with the driver and passenger. Mr. Rendon-Duarte was driving and his girlfriend, Jonel Fergerson, was the passenger (Jonel Fergerson is the same girlfriend who was driving when the defendant was arrested in this case). Mr. Rendon-Duarte would

not tell the police his name. Inside the car police found a handgun. Defendant was convicted of reckless endangerment.

### (3) October 29, 2001

On October 28, 2001, Mr. Rendon-Duarte and Johnny Rendon threatened bouncers outside the Soraya Club on 4th Avenue in Anchorage with handguns. They each held a gun, and Rendon-Duarte discharged his handgun in the air. The two then left in a Ford Explorer. They were stopped by police and Rendon-Duarte was removed from the front passenger seat. A handgun was found under the front passenger's seat where Rendon-Duarte was seated. A second handgun was found in the seat pocket behind the driver's seat. Rendon-Duarte was convicted of Assault and Misconduct Involving Weapons for carrying a concealed weapon.

### (4) March 25, 2001

Police received a report of shots fired. An officer observed a car in the area speeding and then skidding out of control. Rendon-Duarte was driving and got out of the car. The other passengers were also removed from the car. The police officer saw a handgun and spent shell casing on the driver's floorboard. Duarte denied any knowledge of the gun. Jonel Fergerson was one of

the passengers in the car. She stated she saw Gregory Rendon-Duarte point the pistol in the air.

The jury cannot properly make a judgement as to the defendant's knowledge of the two handguns under his seat without being presented with the above prior instances that directly bear on the defendant's knowledge, intent and absence of mistake in this case.

Respectfully submitted this 8th day of December, 2005, in Anchorage, Alaska.

> TIMOTHY M. BURGESS
> United States Attorney
>
> */s/ Kevin Feldis*
> KEVIN FELDIS
> Assistant U.S. Attorney

I declare under penalty of perjury that a true and
correct copy of the foregoing was sent to the
following counsel of record on December 8, 2005, via:

(X) FAX and U.S. Mail

D. Scott Dattan
2600 Denali St., Suite 460
Anchorage, AK 99503
Fax: 907-278-8571

Executed at Anchorage, Alaska, on December 8, 2005.

_____
Office of the U.S. Attorney