FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br>v.<br>GREGORY ANTHONY RENDON-<br>DUARTE,<br>*Defendant-Appellant.* | No. 06-30200<br>D.C. No.<br>CR-05-00087-2-a-<br>RRB<br>OPINION |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
December 5, 2006—Seattle, Washington

Filed March 21, 2007

Before: Betty B. Fletcher and M. Margaret McKeown,
Circuit Judges, and William W Schwarzer* District Judge.

Opinion by Judge Schwarzer

## SUMMARY

**Criminal Law and Procedure/Sentencing**

The court of appeals affirmed a judgment of the district court. The court held that a conviction for third degree assault

---

*The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

3341

under Alaska Statute § 11.41.220(a)(1)(A) qualifies as a crime of violence under § 4B1.2(a)(2) of the sentencing guidelines.

Appellant Gregory Rendon-Duarte was charged in district court in Alaska with being a felon in possession of two firearms. Anchorage police officers saw Rendon-Duarte purchase what they thought was a handgun from an individual, return to the front passenger seat of his car, and appear to place something on the floor. Police arrested Rendon-Duarte and, pursuant to a search warrant, found two loaded handguns in front of the passenger seat under the car's carpet. The district court allowed the jury to consider officers' testimony that weapons had previously been found in cars in which Rendon-Duarte was a driver or passenger. The jury found Rendon-Duarte guilty. At sentencing, the presentence report (PSR) classified Rendon-Duarte's prior Alaska conviction for assault in the third degree as a "crime of violence" under § 4B1.2(a) of the sentencing guidelines. The government failed to provide the statute of conviction, and the district court relied solely on the facts recited in the PSR to find that the prior conviction was a crime of violence. The court sentenced Rendon-Duarte to 70 months in prison.

Rendon-Duarte appealed his conviction and sentence, challenging the district court's admission of the prior incidents of gun possession under Federal Rule of Evidence 404(b). He also challenged the district court's finding that his prior Alaska state court conviction qualified as a crime of violence, claiming that the state statute required only recklessness, not actual use or threat of force.

[1] Rule 404(b) limits the admissibility of evidence of prior acts to those that serve as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. [2] The government bears the burden of proving a logical connection between a defendant's purported involvement in the previous act and a material fact at issue in the crime with which he was charged. The material fact at issue

was whether Rendon-Duarte had knowledge of and intent to possess the weapons found in his vehicle. The evidence of the prior acts established only that weapons were found in the cars he drove or rode in. Because there was no evidence that Rendon-Duarte had knowing possession of the weapons at issue, the admission of the prior-act testimony was an abuse of discretion. [3] The error was harmless, however, in light of the overwhelming evidence of Rendon-Duarte's guilt. The officers saw Rendon-Duarte purchase the gun, return to his car, and sit down in the front passenger seat, and they found the guns in the car. In light of the uncontradicted evidence, it was more probable than not that any error did not materially affect the verdict.

[4] The guidelines define a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) involves conduct that presents a serious potential risk of physical injury to another. Under the categorical approach a court must look only to the fact of conviction and the statutory definition of the prior offense when determining whether the offense qualifies under a definition in the guidelines. [5] The government failed to provide the statute of conviction, and the district court relied solely on the facts recited in the PSR in finding that the prior conviction was a crime of violence. The Ninth Circuit has held that it was plain error for a district court to rely solely on the factual description in the PSR. The district court committed the same error in Rendon-Duarte's case, and this error was plain. [6] However, the error did not affect Rendon-Duarte's substantial rights. Rendon-Duarte admitted that his conviction was for violation of Alaska Statute § 11.41.220(a)(1)(A), which provides that a person commits the crime of assault in the third degree if that person recklessly places another person in fear of imminent serious physical injury by means of a dangerous instrument. [7] Section 4B1.2(a)(2) defines "crime of violence" in the alternative as any offense that involves con-

duct that presents a serious potential risk of physical injury to another. This closely tracked the Alaska statute's description of conduct placing another person in fear of imminent serious physical injury by means of a dangerous instrument. Whether the conduct was reckless or not has no bearing on the applicability of § 4B1.2(a)(2). **[8]** Because a conviction under the Alaska statute qualifies clearly as a crime of violence under § 4B1.2(a)(2), the district court's error did not substantially affect Rendon-Duarte's rights. The judgment of the district court had to be affirmed.

## COUNSEL

Allison Mendel, Mendel & Associates, Anchorage, Alaska, for the defendant-appellant.

Jo Ann Farrington, Assistant U.S. Attorney and Deborah M. Smith, Acting U.S. Attorney, Anchorage, Alaska, for the plaintiff-appellee.

## OPINION

SCHWARZER, District Judge:

Gregory Anthony Rendon-Duarte (Rendon-Duarte) was sentenced to 70 months' imprisonment and 36 months' supervised release after a jury convicted him of one count of being a felon in possession of two firearms, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). On appeal, he challenges the district court's admission of evidence under Federal Rule of Evidence 404(b) of two prior incidents of gun possession to prove intent, knowledge and lack of mistake. He also challenges the district court's finding that his prior Alaska state court conviction of Assault in the Third Degree qualifies as a

UNITED STATES v. RENDON-DUARTE                3345

"crime of violence" under the Sentencing Guidelines. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 1, 2005, Anchorage police officers observed Rendon-Duarte purchase what they thought was a handgun from Dwayne Dollison, Jr. (Dollison). The officers then observed Rendon-Duarte return to the passenger seat of his vehicle, lean over in the area of the passenger seat, and appear to move something on the floor. A few minutes later police stopped the vehicle, which was being driven by Jonel Fergerson, Rendon-Duarte's girlfriend. Police arrested Rendon-Duarte and, pursuant to a search warrant, recovered two loaded handguns from under the vehicle's floor carpet in front of the front passenger seat. The vehicle was registered to Rendon-Duarte's father, who testified that he had bought it for his son a few months earlier. Fergerson, at Rendon-Duarte's request, claimed ownership of the weapons, but at trial she acknowledged that the weapons did not belong to her and that she had not placed them in the vehicle.

Prior to trial, the district court denied Rendon-Duarte's motion in limine to bar evidence of two prior occasions on which weapons were found within vehicles driven or occupied by Rendon-Duarte, finding these incidents relevant to Rendon-Duarte's knowledge, intent, or absence of mistake. After a three-day trial, the jury found Rendon-Duarte guilty of being a felon in possession of two firearms. The Presentence Report (PSR) calculated an offense level of 20, taking into account that the offense was committed subsequent to sustaining a felony conviction of a "crime of violence," i.e., a prior Alaska conviction of Assault in the Third Degree. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (felon in possession of a firearm). Rendon-Duarte did not object to the PSR. In the absence of objection, the district court accepted the facts stated in the PSR as established by a preponderance of the evidence. Concluding Rendon-Duarte fell

3346         UNITED STATES v. RENDON-DUARTE

within the Guidelines' range of 63-78 months' imprisonment, the court imposed a sentence of 70 months.

## DISCUSSION

### I.

[1] Federal Rule of Evidence 404(b) limits the admissibility of evidence of prior acts to those which serve as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." We use a four-part test to determine the admissibility of evidence under Rule 404(b). *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

> (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time.

*Id.* We need address only the first part of the test.

The government offered "bad act" testimony from two police officers. Sergeant Kass testified that in June 2003, in connection with a traffic stop of a vehicle in which Rendon-Duarte was riding, two weapons were found stashed in the cover of the sunroof of the car. Lieutenant Gilliam testified that in March 2001, when a car driven by Rendon-Duarte was checked following an accident, a weapon and shell casings were found on the floorboard of the driver's seat below where Rendon-Duarte had been sitting. The jury was instructed that it could consider this evidence "only as it bears on defendant's intent, knowledge, absence of mistake or accident, and for no other purpose."

The district court held the evidence admissible, finding a sufficient nexus between these incidents and the conduct with

| UNITED STATES v. RENDON-DUARTE | 3347 |
|---|---|

which Rendon-Duarte was charged. It noted that the presence of the guns in the vehicles within easy reach of Rendon-Duarte was probative of absence of mistake as well as plan. We review the district court's evidentiary rulings for abuse of discretion, considering whether the lower court based its decision on relevant factors and whether there was a clear error of judgment. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004).

[2] Rendon-Duarte argues that the prior-act testimony was improperly admitted because "there is no 'logical connection' between the crime to be proved and the prior bad acts other then [sic] propensity to possess guns, an impermissible purpose." We have held that "the government . . . bears the burden of proving a logical connection between appellant's purported involvement in the previous [act] and a material fact at issue in the crime with which he was charged." *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994). The material fact at issue here was whether Rendon-Duarte had knowledge of and intent to possess the weapons found in his vehicle. The evidence of the prior acts established only that weapons were found in the cars he drove or rode in. The government's reliance on *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003), is misplaced. There, the court stated:

> [T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's *knowing* possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental.)
> 341 F.3d at 1281 (emphasis added). Because there was no evidence that Rendon-Duarte had knowing possession of the weapons at issue here, the admission of the prior-act testimony was an abuse of discretion.

[3] The error was harmless, however, in light of the overwhelming evidence of Rendon-Duarte's guilt. The officers'

testimony established that Rendon-Duarte purchased a firearm from Dollison, placed the firearm in his waistband, returned to his vehicle, and sat down in the front passenger seat. When police stopped the car a few minutes later, they found two firearms under the floorboards in front of the passenger-side seat. Rendon-Duarte gave the officers a false name and birth date, and he sought to persuade his girlfriend to falsely claim that the guns were hers. In light of this uncontradicted evidence, it is more probable than not that any error did not materially affect the verdict. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997).

## II.

At sentencing, the district judge accepted the PSR and its recommendation of a base offense level of 20 without objection. The PSR arrived at this level by classifying Rendon-Duarte's prior Alaska conviction for Assault in the Third Degree as a "crime of violence" under section 4B1.2(a) of the Sentencing Guidelines. The PSR included a factual description of the conduct underlying the prior conviction, but it did not cite the Alaska statute. Rendon-Duarte argues Assault in the Third Degree under Alaska law does not qualify as a "crime of violence" under the Guidelines and that the district judge committed plain error when he relied solely on the facts recited in the PSR to determine Rendon-Duarte's prior conviction was a "crime of violence."

[4] Rendon-Duarte did not challenge the PSR at sentencing, and thus review of the district judge's application of the Guidelines is for plain error. Fed. R. Crim. P. 52(b); *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004). "There must be an 'error' that is 'plain' and that 'affect[s] substantial rights.' " *United States v. Olano*, 507 U.S. 725, 732 (1993). Rendon-Duarte bears the burden of demonstrating that the error prejudiced his rights. *Id.* at 734. Further, "the court should not exercise [its discretion to correct the error] unless the error seriously affect[s] the fairness, integrity or public

3350    UNITED STATES v. RENDON-DUARTE

> (a) A person commits the crime of assault in the third degree if that person (1) recklessly (A) places another person in fear of imminent serious physical injury by means of a dangerous instrument.

Rendon-Duarte does not argue that the full range of conduct criminalized by the state statute exceeds the scope of the Guidelines. *Cf. United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006). On the contrary, his argument is that a violation of the state statute does not satisfy the definition of crime of violence under section 4B1.2(a)(1). Under that subsection of the Guidelines, a crime of violence must have an element of the use of physical force against another person. The state statute, he argues, requires only recklessness, not actual use or threat of force.

[7] The argument overlooks subsection (2) of section 4B1.2(a), which defines crime of violence in the alternative as "any offense . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." This closely tracks the Alaska statute's description of conduct "plac[ing] another person in fear of imminent serious physical injury by means of a dangerous instrument."[1] *See United States v. Bailey*, 139 F.3d 667, 668 (9th Cir. 1998). Whether the conduct was reckless or not has no bearing on the applicability of subsection (2) of the Guidelines.

[8] Because a conviction under the Alaska statute qualifies clearly as a crime of violence under section 4B1.2(a)(2), the district court's error did not substantially affect Rendon-Duarte's rights.

**AFFIRMED.**

---

[1]Dangerous instrument is defined as "any deadly weapon or anything that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is capable of causing death or serious physical injury." Alaska Stat. § 11.81.900(b)(15)(A).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted © 2007 Thomson/West.