FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

              v.

GREGORY ANTHONY RENDON-
DUARTE,

                    *Defendant-Appellant.*

No. 06-30200

D.C. No.
CR-05-00087-2-
a-RRB

AMENDED
OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
December 5, 2006—Seattle, Washington

Filed June 20, 2007

Before: M. Margaret McKeown and Betty B. Fletcher,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge Schwarzer

## SUMMARY

### Criminal Law and Procedure/Sentencing

The court of appeals affirmed a judgment of the district
court. The court held that a conviction for third degree assault
under Alaska Statute § 11.41.220(a)(1)(A) qualifies as a

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

7363

"crime of violence" under § 4B1.2(a)(2) of the sentencing guidelines.

Appellant Gregory Rendon-Duarte was charged in district court in Alaska with being a felon in possession of two firearms. Anchorage police officers saw Rendon-Duarte purchase what they thought was a handgun from an individual, return to the front passenger seat of his car, and appear to place something on the floor. Police arrested Rendon-Duarte and, pursuant to a search warrant, found two loaded handguns in front of the passenger seat under the car's carpet. The district court allowed the jury to consider officers' testimony that weapons had previously been found in cars in which Rendon-Duarte was a driver or passenger. The jury found Rendon-Duarte guilty. At sentencing, the presentence report (PSR) classified Rendon-Duarte's prior Alaska conviction for assault in the third degree as a "crime of violence" under § 4B1.2(a) of the sentencing guidelines; the PSR described the conduct underlying the prior conviction, but it did not cite the Alaska statute. Rendon-Duarte did not object to the PSR and the district court accepted the facts as stated and sentenced Rendon-Duarte to 70 months in prison.

Rendon-Duarte appealed his conviction and sentence, challenging the district court's admission of the prior incidents of gun possession under Federal Rule of Evidence 404(b). He also claimed the district court erred because it applied the "crime of violence" enhancement solely on the facts underlying the conviction, and argued that assault in the third degree under Alaska law in any event did not qualify as a "crime of violence" under the guidelines.

[1] Rule 404(b) limits the admissibility of evidence of prior acts to those that serve as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. [2] The government bears the burden of proving a logical connection between a defendant's purported involvement in the previous act and a material fact at issue in the

crime with which he was charged. The material fact at issue
was whether Rendon-Duarte had knowledge of and intent to
possess the weapons found in his vehicle. The evidence of the
prior acts established only that weapons were found in the
cars he drove or rode in. Because there was no evidence that
Rendon-Duarte had knowing possession of the weapons, the
admission of the prior-act testimony was an abuse of discre-
tion. **[3]** The error was harmless, however, in light of the
overwhelming evidence of Rendon-Duarte's guilt. The offi-
cers saw Rendon-Duarte purchase the gun, return to his car,
and sit down in the front passenger seat, and they found the
guns in the car. In light of the uncontradicted evidence, it was
more probable than not that any error did not materially affect
the verdict.

**[4]** The guidelines define a "crime of violence" as any
offense under federal or state law, punishable by imprison-
ment for a term exceeding one year, that (1) has as an element
the use, attempted use, or threatened use of physical force
against the person of another, or (2) is burglary of a dwelling,
arson, extortion, involves use of explosives, or otherwise
involves conduct that presents a serious potential risk of phys-
ical injury to another. Under the categorical approach a court
must look only to the fact of conviction and the statutory defi-
nition of the prior offense when determining whether the
offense qualifies under a definition in the guidelines. **[5]** The
government failed to provide Rendon-Duarte the statute of
conviction, and the district court relied solely on the facts
recited in the PSR in finding that the prior conviction was a
crime of violence. The Ninth Circuit has held that it was plain
error for a district court to rely solely on the factual descrip-
tion of the offense in the PSR. The district court committed
the same error in Rendon-Duarte's case, and this error was
plain.

**[6]** However, the error did not affect Rendon-Duarte's sub-
stantial rights. Rendon-Duarte admitted that his conviction
was for violation of Alaska's § 11.41.220(a)(1)(A), which

provides that a person commits the crime of assault in the third degree if that person recklessly places another person in fear of imminent serious physical injury by means of a dangerous instrument. "Dangerous instrument" is defined as any deadly weapon or anything that, under the circumstances in which it is used, is capable of causing death or serious physical injury.

**[7]** Alternatively, § 4B1.2(a)(2) defines "crime of violence" as target conduct that presents a serious potential risk of physical injury to another. This was congruent with Alaska's prohibition of placing another person in fear of imminent serious physical injury by means of a dangerous instrument. Regardless of a defendant's mental state, conduct involving a dangerous instrument creates significant risks of bodily injury or confrontation that might result in bodily injury. **[8]** Because the use of physical force is not an element the guidelines' definition of "crime of violence," there is no volitional element implicated in its application. The focus of the guidelines is on conduct that presents a serious risk of physical injury to another. Accordingly, the inclusion of the term "recklessness" does not operate to extend the range of proscribed conduct under the Alaska statute. **[9]** Because a conviction under the Alaska statute qualified as a crime of violence under § 4B1.2(a)(2), the district court's error did not substantially affect Rendon-Duarte's rights. The judgment of the district court had to be affirmed.

## COUNSEL

Allison Mendel, Mendel & Associates, Anchorage, Alaska, for the defendant-appellant.

Jo Ann Farrington, Assistant U.S. Attorney and Deborah M. Smith, Acting U.S. Attorney, Anchorage, Alaska, for the plaintiff-appellee.

## OPINION

SCHWARZER, District Judge:

Gregory Anthony Rendon-Duarte (Rendon-Duarte) was sentenced to 70 months' imprisonment and 36 months' supervised release after a jury convicted him of one count of being a felon in possession of two firearms, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). On appeal, he challenges the district court's admission of evidence under Federal Rule of Evidence 404(b) of two prior incidents of gun possession to prove intent, knowledge and lack of mistake. He also challenges the district court's finding that his prior Alaska state court conviction of Assault in the Third Degree qualifies as a "crime of violence" under the Sentencing Guidelines. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 1, 2005, Anchorage police officers observed Rendon-Duarte purchase what they thought was a handgun from Dwayne Dollison, Jr. (Dollison). The officers then observed Rendon-Duarte return to the passenger seat of his vehicle, lean over in the area of the passenger seat, and appear to move something on the floor. A few minutes later police stopped the vehicle, which was being driven by Jonel Fergerson, Rendon-Duarte's girlfriend. Police arrested Rendon-Duarte and, pursuant to a search warrant, recovered two loaded handguns from under the vehicle's floor carpet in front of the front passenger seat. The vehicle was registered to Rendon-Duarte's father, who testified that he had bought it for his son a few months earlier. Fergerson, at Rendon-Duarte's request, claimed ownership of the weapons, but at trial she acknowledged that the weapons did not belong to her and that she had not placed them in the vehicle.

Prior to trial, the district court denied Rendon-Duarte's motion in limine to bar evidence of two prior occasions on

which weapons were found within vehicles driven or occupied by Rendon-Duarte, finding these incidents relevant to Rendon-Duarte's knowledge, intent, or absence of mistake. After a three-day trial, the jury found Rendon-Duarte guilty of being a felon in possession of two firearms. The Presentence Report (PSR) calculated an offense level of twenty, taking into account that the offense was committed subsequent to sustaining a felony conviction of a "crime of violence," i.e., a prior Alaska conviction of Assault in the Third Degree. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (felon in possession of a firearm). Rendon-Duarte did not object to the PSR. In the absence of objection, the district court accepted the facts stated in the PSR as established by a preponderance of the evidence. Concluding Rendon-Duarte fell within the Guidelines' range of 63-78 months' imprisonment, the court imposed a sentence of 70 months.

## DISCUSSION

### I.

[1] Federal Rule of Evidence 404(b) limits the admissibility of evidence of prior acts to those which serve as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." We use a four-part test to determine the admissibility of evidence under Rule 404(b). *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

> (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time.

*Id.* We need address only the first part of the test.

The government offered "bad act" testimony from two police officers. Sergeant Kass testified that in June 2003, in connection with a traffic stop of a vehicle in which Rendon-Duarte was riding, two weapons were found stashed in the cover of the sunroof of the car. Lieutenant Gilliam testified that in March 2001, when a car driven by Rendon-Duarte was checked following an accident, a weapon and shell casings were found on the floorboard of the driver's seat below where Rendon-Duarte had been sitting. The jury was instructed that it could consider this evidence "only as it bears on defendant's intent, knowledge, absence of mistake or accident, and for no other purpose."

The district court held the evidence admissible, finding a sufficient nexus between these incidents and the conduct with which Rendon-Duarte was charged. It noted that the presence of the guns in the vehicles within easy reach of Rendon-Duarte was probative of absence of mistake as well as plan. We review the district court's evidentiary rulings for abuse of discretion, considering whether the lower court based its decision on relevant factors and whether there was a clear error of judgment. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004).

[2] Rendon-Duarte argues that the prior-act testimony was improperly admitted because "there is no 'logical connection' between the crime to be proved and the prior bad acts other then [sic] propensity to possess guns, an impermissible purpose." We have held that "the government . . . bears the burden of proving a logical connection between appellant's purported involvement in the previous [act] and a material fact at issue in the crime with which he was charged." *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994). The material fact at issue here was whether Rendon-Duarte had knowledge of and intent to possess the weapons found in his vehicle. The evidence of the prior acts established only that weapons were found in the cars he drove or rode in. The gov-

ernment's reliance on *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003), is misplaced. There, the court stated:

> [T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's *knowing* possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental.)

341 F.3d at 1281 (emphasis added). Because there was no evidence that Rendon-Duarte had knowing possession of the weapons at issue here, the admission of the prior-act testimony was an abuse of discretion.

[3] The error was harmless, however, in light of the overwhelming evidence of Rendon-Duarte's guilt. The officers' testimony established that Rendon-Duarte purchased a firearm from Dollison, placed the firearm in his waistband, returned to his vehicle, and sat down in the front passenger seat. When police stopped the car a few minutes later, they found two firearms under the floorboards in front of the passenger-side seat. Rendon-Duarte gave the officers a false name and birth date, and he sought to persuade his girlfriend to falsely claim that the guns were hers. In light of this uncontradicted evidence, it is more probable than not that any error did not materially affect the verdict. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997).

## II.

Having been found guilty of violation of 18 U.S.C. § 922(g)(1), Rendon-Duarte was sentenced pursuant to section 2K2.l of the Sentencing Guidelines. Under section 2K2.l(a)(4)(A), a base offense level of twenty applies if the defendant committed the offense subsequent to a felony conviction for a crime of violence. U.S. Sentencing Guidelines Manual § 2K2.l(a)(4)(A) (2005) [hereinafter USSG]. Applica-

tion note one states that "crime of violence" has the meaning
given it in section 4B1.2(a). USSG § 2K2.1 cmt. n.1.

The district judge, without objection, adopted the PSR
which recommended an offense level of twenty based on a
finding that Rendon-Duarte's prior Alaska conviction for
Assault in the Third Degree qualified as a "crime of vio-
lence." The PSR described the conduct underlying the prior
conviction, but it did not cite the Alaska statute. Rendon-
Duarte contends that the district court erred because it applied
the "crime of violence" enhancement solely on the facts
underlying the conviction and because Assault in the Third
Degree under Alaska law in any event does not qualify as a
"crime of violence" under the Guidelines.

Because Rendon-Duarte did not challenge the PSR in the
district court, we review the court's application of the Guide-
lines for plain error. Fed. R. Crim. P. 52(b); *United States v.
Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004). "There must be
an 'error' that is 'plain' and that 'affect[s] substantial
rights.' " *United States v. Olano*, 507 U.S. 725, 732 (1993).
Rendon-Duarte bears the burden of demonstrating that the
error prejudiced his rights. *Id.* at 734. Further, "the court
should not exercise [its discretion to correct the error] unless
the error seriously affect[s] the fairness, integrity or public
reputation of judicial proceedings." *Id.* at 732 (internal quota-
tion marks and citation omitted).

[4] The Guidelines define "crime of violence" as

> any offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that (1)
> has as an element the use, attempted use, or threat-
> ened use of physical force against the person of
> another, or (2) is burglary of a dwelling, arson,
> extortion, involves use of explosives, or otherwise
> involves conduct that presents a serious potential
> risk of physical injury to another.

USSG § 4B1.2(a)(1) & (2). In determining whether the Alaska statute qualifies, we use the categorical approach announced in *Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach a court must "look only to the fact of conviction and the statutory definition of the prior offense" when determining whether the offense qualifies under a definition in the Guidelines. *Id.* at 602.

[5] The Government failed to provide the statute of conviction, and the court relied solely on the facts recited in the PSR. This was error. *See United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003) ("Under *Taylor* . . . the actual statute of prior conviction must be supplied to the district court by the government whether or not anyone objects to its absence."). In *Pimentel-Flores*, we held it was plain error for the district court to rely solely on the factual description of the offense in the PSR. *Id.* at 968. The district court committed the same error in this case, and under *Pimentel-Flores* this error was plain. *See id.*

[6] While we conclude that the district court committed plain error, we find that the error did not affect Rendon-Duarte's substantial rights. Rendon-Duarte admits that his conviction was for violation of section 11.41.220(a)(1)(A) of the Alaska Statutes, which provides:

> (a) A person commits the crime of assault in the third degree if that person (1) recklessly (A) places another person in fear of imminent serious physical injury by means of a dangerous instrument.

Dangerous instrument is defined as "any deadly weapon or anything that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is capable of causing death or serious physical injury." Alaska Stat. § 11.81.900(b)(15)(A).

Rendon-Duarte contends that the Alaska statute does not qualify under the categorical approach because it requires

only that the defendant recklessly place the victim in fear of
imminent serious physical injury. Thus a violation of the state
statute does not satisfy the definition of crime of violence
under section 4B1.2(a)(1) because under that subsection a
crime of violence must have an element of the use of physical
force against another person. The state statute, he argues,
requires only recklessly placing a person in fear of injury, not
actual or threatened use of force.

[7] We disagree with Rendon-Duarte's statutory analysis.
His argument overlooks the alternative definition in subsec-
tion (2) of section 4B1.2(a) which states that a crime of vio-
lence is "any offense . . . that . . . is burglary of a dwelling,
arson, extortion, involves use of explosives, or otherwise
involves conduct that presents a serious potential risk of phys-
ical injury to another." The language in the residual
("otherwise") clause, targeting conduct that presents a serious
potential risk of physical injury to another, is congruent with
Alaska's prohibition of "plac[ing] another person in fear of
imminent serious physical injury by means of a dangerous
instrument." Regardless of a defendant's mental state, con-
duct involving a dangerous instrument "create[s] significant
risks of bodily injury or confrontation that might result in
bodily injury." *James v. United States*, 127 S. Ct. 1586, 1592
(2007) (holding that attempted burglary under Florida law
qualified as a crime of violence under the Armed Career
Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) [hereinafter
ACCA], because it "involves conduct that presents a serious
potential risk of physical injury to another").

Rendon-Duarte directs our attention to this court's recent
decision in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th
Cir. 2006) (en banc), holding that an Arizona conviction for
domestic violence did not constitute a crime of violence under
18 U.S.C. § 16(a). That statute defines a crime of violence as
"an offense that has as an element the use, attempted use, or
threatened use of physical force against the person or property

of another." Applying the reasoning of *Leocal v. Ashcroft*,
543 U.S. 1 (2004), the court held that

> Neither gross negligence . . . nor conscious disregard
> of a substantial and unjustifiable risk of injury
> implies that physical force is instrumental to carry-
> ing out a crime, such as the plain meaning of the
> word 'use' denotes. Therefore, neither recklessness
> nor gross negligence is a sufficient mens rea to
> establish that a conviction is for a crime of violence
> under § 16.

*Fernandez-Ruiz*, 466 F.3d at 1130 (citation omitted). Because
the full range of conduct proscribed by the Arizona statute
encompassed reckless conduct, a conviction could not qualify
as a crime of violence under § 16.[1] *Id.*

   *Fernandez-Ruiz* does not help Rendon-Duarte because his
case does not involve § 16; it involves application of the Sen-
tencing Guidelines. The critical difference between the two
definitions of crime of violence is made clear in *Leocal*:

> [Section] 16(b) plainly does not encompass all
> offenses which create a "substantial risk" that injury
> will result from a person's conduct. The "substantial
> risk" in § 16(b) relates to the use of force, not to the
> possible effect of a person's conduct. Compare
> § 16(b) (requiring a "substantial risk that physical
> force against the person or property of another may
> be used"), with United States Sentencing Commis-
> sion, Guidelines Manual § 4B1.2(a)(2) (Nov. 2003).

---

[1]18 U.S.C. § 16(a) defines "crime of violence" as "an offense that has
as an element the use . . . of physical force against the person or property
of another." Section 16(b) defines it as "any other offense that is a felony
and that, by its nature, involves a substantial risk that physical force
against the person or property of another may be used in the course of
committing the offense."

> . . . The risk that an accident may occur when an
> individual drives while intoxicated is simply not the
> same thing as the risk that the individual may "use"
> physical force against another in committing the
> DUI offense.

*Id.* at 10 n.7.

[8] Because the use of physical force is not an element of
subsection (2) of the Guidelines' definition of crime of vio-
lence, there is no volitional element implicated in its applica-
tion. The focus of the Guidelines is on "conduct that presents
a serious risk of physical injury to another." Accordingly, the
inclusion of the term "recklessness" does not operate to
extend the range of proscribed conduct under the Alaska stat-
ute.

Citing *Siggelkow v. State*, 648 P.2d 611, 612 (Alaska Ct.
App. 1982), Rendon-Duarte argues that the Alaska statute
may be violated by causing a person to fear injury by the dis-
play of an unloaded weapon. Thus, he argues, a conviction
may be based on the state of mind of the victim, not the use
of a dangerous instrument. For purposes of applying the
Guideline, however, the critical factor is whether the defen-
dant's conduct creates a serious potential risk of physical
injury; the victim's state of mind is immaterial. In holding an
unloaded gun to be a dangerous weapon, the Supreme Court
reasoned that, among other things, "the display of a gun
instills fear in the average citizen; as a consequence, it creates
an immediate danger that a violent response will ensue."
*McLaughlin v. United States*, 476 U.S. 16, 17-18 (1986); *see
also United States v. Hunter*, 101 F.3d 82, 86 (9th Cir. 1996)
("Unloaded firearms . . . increase the risk of violence by oth-
ers who may respond to the perceived danger represented by
the (presumably) loaded gun." (quoting *United States v. Mar-
tinez*, 912 F.2d 419, 421 (10th Cir. 1990)). In *James*, the
Court, in holding attempted burglary to be a crime of vio-
lence, reasoned that the offenses (of burglary, arson, extortion

and explosives use) "while not technically crimes against the
person, nevertheless create significant risks of bodily injury or
confrontation that might result in bodily injury." *James*, 127
S. Ct. at 1592. In sum, the application of the Alaska assault
statute to cases of unloaded weapons does not extend the
reach of that statute beyond the definition of crime of violence
in section 4B1.2(a)(2); the Guidelines are concerned with
conduct creating a serious potential risk of physical injury to
another. That risk is not defined by whether the weapon is
loaded.[2]

[9] Because a conviction under the Alaska statute qualifies
as a crime of violence under section 4B1.2(a)(2), the district
court's error did not substantially affect Rendon-Duarte's

---

[2]Nor is the "otherwise" clause of the Guidelines—any offenses that oth-
erwise involve conduct that presents a serious potential risk of physical
injury—properly read in context with the enumerated crimes of violence
that precede the clause. The Tenth Circuit explained:

> At the outset, the analysis in [*United States v. Walker*, 393 F.3d
> 819 (8th Cir. 2005)] ignores the more flexible articulation of
> [section] 4B1.2's "crime of violence" definition explained in its
> commentary section. *See* USSG § 4B1.2 cmt. n.1. There this "or
> otherwise" language is removed, and the inclusion of offenses
> with conduct posing serious potential risk of physical injury is
> de-linked from any preceding specific sequence of offenses. . . .
> [T]he commentary . . . in a separate sentence explains that
> "[o]ther offenses are included as 'crimes of violence' if . . . the
> conduct . . . by its nature, presented a serious potential risk of
> physical injury to another." *Id.*

*United States v. Moore*, 420 F.3d 1218, 1221-22 (10th Cir. 2005); *see also
James*, 127 S. Ct. at 1592-93 (rejecting application of *ejusdem generis* in
interpreting the residual ("otherwise") clause in the ACCA); *United States
v. Veach*, 455 F.3d 628, 637 (6th Cir. 2006) (holding that "driving while
under the influence of intoxicants presents, at the very least, a serious
potential risk that the driver will cause physical injury to another person");
*United States v. DeSantiago-Gonzalez*, 207 F.3d 261, 264 (5th Cir. 2000)
(holding that misdemeanor drunk driving by its very nature involves con-
duct that presents a serious potential risk of physical injury to another).

rights.

**AFFIRMED**.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.